IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.                                                              3:02cr70/RV
                                                                 3:06cv517/RV/MD
GREGORY WADE HEMBREE
_____/

## ORDER GRANTING CERTIFICATE OF APPEALABILITY

This cause is before the court on defendant's application for certificate of appealability in his appeal of the denial of 28 U.S.C. § 2255 relief (doc. 131).[1] Unless a certificate of appealability is issued, the defendant may not take an appeal from the final order denying Section 2255 relief.  *See* 28 U.S.C. 2253(c)(1)(B).  Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 1039 (2003).  If a certificate issues it must indicate the issue or issues which satisfy this standard.  § 2253(c)(3).

The standard for granting a certificate of appealability is "materially identical" to the pre-AEDPA standard for granting a certificate of probable cause.  *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Hardwick v. Singletary*, 126 F.3d 1312, 1313 (11th Cir. 1997) (*citing* 28 U.S.C. § 2253(c)(2) *and Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983)).  The Court in *Barefoot* found the following statement "cogently sums up this standard:"

> "In requiring a 'question of some substance', or a 'substantial showing of the denial of [a] federal right', obviously the petitioner need not show that he

---

[1] The request for a certificate of appealability may be treated as a notice of appeal.  *Scott v. Wainwright*, 698 F.2d 427, 428 (11th Cir. 1983).

> should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.' "

*Id.*, n. 4 (citations omitted); *see also*, *Miller-El, supra; Slack, supra; Eagle v. Linahan,* 279 F.3d 926, 935 (11th Cir. 2001); *Weeks v. Jones*, 52 F.3d 1559, 1574 (11th Cir. 1995), *cert. denied*, 514 U.S. 1104 (1995) (*quoting Barefoot*); *United States v. Rocha*, 109 F.3d 225, 227 n.2 (5th Cir. 1997). "The primary difference between the two certificates is that a COA must specify on its face the issues on which the petitioner has been granted leave to appeal." *Eagle*, 279 F.3d at 935. The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits. *Miller-El,* 537 U.S. at 336, 123 S.Ct. at 1039. For claims defeated on the merits, the petitioner seeking a certificate of appealability must establish that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Eagle*, 279 F.3d at 935 (citing *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604). If a claim has been disposed of on procedural grounds, in order for a certificate of appealability to be granted, it must be shown that reasonable jurists would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.* (citing *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (quoting *Slack*, 529 U.S. at 483, 120 S.Ct. at 1604)); *Gonzalez v. Secretary of Department of Corrections*, 317 F.3d 1308, 1312 (11th Cir. 2003). The Supreme Court has further explained:

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. *Barefoot*, supra, at 893, 103 S.Ct. 3383. We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

*Miller-El*, 537 U.S. at 338, 123 S.Ct. at 1040.

Defendant Hembree was charged in a two count indictment with conspiracy to possess with intent to distribute cocaine and perjury. He was convicted after a jury trial at which he testified in his own behalf. He was sentenced to a term of 78 months imprisonment. His conviction and sentence were affirmed on appeal and he filed a § 2255 motion in which he raised multiple grounds of ineffective assistance of both trial and appellate counsel. In a 32-page recommendation, the magistrate judge concluded that the motion to vacate should be denied in its entirety. (Doc. 127). The district court adopted the recommendation without opinion over defendant's objection. (Doc. 129).

Defendant now seeks a certificate of appealability on the following seven grounds. (Doc. 131):

(1) Whether the district court erroneously resolved disputes of fact without conducting an evidentiary hearing;

(2) Whether defendant's trial counsel was constitutionally ineffective because he failed to conduct adequate investigation;

(3) Whether counsel's failure to pursue a pure statute of limitations defense was unreasonable and hence constitutionally ineffective;

(4) Whether testimony regarding Greg Lake's threats to defendant Hembree would have lent support to defendant's coercion/duress defense to the perjury charges in this case, and whether counsel was constitutionally ineffective for failing to present such testimony;

(5) Whether there was a basis in the record for trial counsel to argue that defendant's admitted purchases of cocaine during the limitations period constituted simple possession, and whether counsel's failure to do so was constitutionally ineffective;

(6) Whether certain portions of the Eleventh Circuit's rulings were dispositive of defendant's § 2255 claims of ineffective assistance of counsel, when defendant presented additional evidence that was not in the record on direct appeal; and

(7) Whether defendant's Sixth Amendment right to trail by jury was violated at sentencing.[2]

Upon a review of the file, it appears that issuance of a certificate of appealability is warranted on defendant's issue 2 through 6, as stated above. Based on the facts of this case, these are issues which are debatable among jurists of reason, could be resolved in a different manner, and are adequate to deserve encouragement to proceed further. *See, Miller-El, supra; Eagle, supra.* This certificate therefore issues. § 2253(c)(2).

It is therefore ORDERED:

Defendant's request for a certificate of appealability (doc. 131) is GRANTED in part and a certificate of appealability is hereby issued for the issues set forth above.

DONE AND ORDERED this 26th day of December, 2007.

/s/ *Roger Vinson*
**ROGER VINSON**
**SENIOR JUDGE**

---

[2] Defendant concedes that this issue is not "fairly debatable" under current binding precedent, but has raised it to preserve it only.